1
2
3
4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   MICHAEL WAYNE BROWDER,                Case No.  14-cv-03696-KAW

            Plaintiff,                    **ORDER GRANTING PLAINTIFF'S**
8                                         **MOTION FOR SUMMARY**
        v.                                **JUDGMENT; DENYING**
9                                         **DEFENDANT'S CROSS-MOTION FOR**
                                          **SUMMARY JUDGMENT;**
10  CAROLYN W. COLVIN,                    **REMANDING CASE FOR FURTHER**
                                          **PROCEEDINGS**
            Defendant.
11                                        Re: Dkt. Nos. 20, 24

12

13

14

15          Michael Wayne Browder ("Plaintiff") seeks judicial review of a final decision of the

16  Commissioner of Social Security ("Commissioner" or "Defendant").  Pending before the Court are

17  the parties' cross-motions for summary judgment.  Having considered the papers filed by the

18  parties and the administrative record, the Court GRANTS Plaintiff's motion for summary

19  judgment, DENIES Defendant's cross-motion for summary judgment, and REMANDS this case

20  for further proceedings consistent with this order.

21                             **I.      BACKGROUND**

22      **A.      Plaintiff's applications**

23          On August 8, 2011, Plaintiff protectively filed a Title II application for Social Security

24  Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security

25  Income ("SSI").  (Administrative Record ("AR") at 11.)  In both applications, Plaintiff alleged that

26  he became disabled on July 1, 2009.  (*Id.*)  The Social Security Administration ("SSA") denied

27  Plaintiff's applications initially and on reconsideration.  (*Id.*)

28  ///

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.     The administrative hearing**

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at 89.)
Though the request was untimely, the ALJ found good cause for the untimely request and a
hearing was held on November 21, 2013.[1]  (*Id.* at 68.)  Plaintiff, who was represented by counsel,
testified at the hearing, as did his partner, Thomas Williams, and a vocational expert ("VE"),
Stephen P. Davis.  (*Id.* at 607.)

**C.     The ALJ's decision**

On January 14, 2014, the ALJ issued an unfavorable decision.  (AR at 11-24).  In reaching
his decision, the ALJ followed the five-step sequential process that governs Social Security
disability determinations.[2]  *See* 20 C.F.R. §§ 404.1520(a); 416.920(a).  At step one, the ALJ
determined that Plaintiff, who met the insured status requirements through September 30, 2013,
had not engaged in substantial gainful activity since July 1, 2009, the alleged onset date.  (AR at
13.)  At step two, the ALJ determined that Plaintiff suffered from two severe impairments, human
immunodeficiency virus ("HIV") and bilateral knee pain.  (*Id.*)  The ALJ found that Plaintiff's
alleged depressive disorder and his claimed memory loss were not severe impairments.  (*Id.*)  At
step three, the ALJ determined that Plaintiff did not have an impairment that meets or medically
equals the severity of a listed impairment.  (*Id.* at 16.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional

---

[1] Plaintiff states that the hearing was held on August 28, 2013 though the hearing transcript
reflects a hearing date of November 21, 2013.  *See* Pl.'s Mot. at 5; AR at 607.

[2] At step one, the Commissioner determines whether a claimant is currently engaged in substantial
gainful activity.  If so, the claimant is not disabled.  20 C.F.R. § 404.1520(b).  At step two, the
Commissioner determines whether the claimant has a "medically severe impairment or
combination of impairments," as defined in 20 C.F.R. § 404.1520(c).  If the answer is no, the
claimant is not disabled.  If the answer is yes, the Commissioner proceeds to step three, and
determines whether the impairment meets or equals a "listed" impairment.  20 C.F.R. §
404.1520(d).  If this requirement is met, the claimant is disabled; if not, the Commissioner
proceeds to step four. At step four, the Commissioner determines whether the claimant can still
perform "past relevant work." 20 C.F.R. § 404.1520(f).  If the claimant can perform such work,
he is not disabled.  If the claimant meets the burden of establishing an inability to perform prior
work, the Commissioner must show, at step five, that the claimant can perform other substantial
gainful work that exists in the national economy.  20 C.F.R. § 1520(f).  *Reddick v. Chater*, 157
F.3d 715, 721 (9th Cir. 1998).  The claimant bears the burden of proof in steps one through four.
*Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001).  The burden shifts to the
Commissioner at step five.  *Id.* at 954.

capacity ("RFC") to perform sedentary work, lift and/or carry 10 pounds frequently and occasionally, sit for six hours in an eight-hour workday, stand and/or walk for two hours in an eight-hour workday, sit for up to two hours at a time, stand and/or walk for up to 45 minutes at a time, and occasionally stoop, crouch, and climb ropes, ladders, and scaffolds. (*Id.* at 16.) The ALJ also indicated that Plaintiff would miss one day of work per month for medical reasons. (*Id.*) Based on this RFC assessment, the ALJ determined, at step four, that Plaintiff could not perform his past relevant work as an electrician. (*Id.* at 21.) At step five, the ALJ found that prior to and after Plaintiff's 50th birthday, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff acquired "work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy[.]" (*Id.* at 23.) The ALJ, therefore, concluded that Plaintiff was not disabled from July 1, 2009 through the date of his decision. (*Id.* at 23.)

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (*Id.* at 7.) The Appeals Council denied review on June 12, 2014, and the ALJ's decision became the final decision of the Commissioner. (*Id.* at 4-6.)

### D.    Plaintiff's action for judicial review

Plaintiff filed his complaint in this Court on August 14, 2014, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) He filed his motion for summary judgment on February 2, 2015. (Pl.'s Mot. Summ. J. ("Pl.'s Mot."), Dkt. No. 20.) The Commissioner filed her cross-motion and opposition on April 1, 2015. (Def.'s Mot. Summ. J. & Opp'n ("Def.'s Opp'n"), Dkt. No. 24.) Plaintiff filed his reply on April 15, 2015. (Pl.'s Reply in Support of Pl.'s Mot. Summ. J. ("Pl.'s Reply"), Dkt. No. 25.)

### II.    LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the decision is 1) based on legal error or 2) not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Id.* at 1098. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

United States District Court
Northern District of California

3

United States District Court
Northern District of California

*Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the court must consider the evidence as a whole, weighing both the evidence that supports, and the evidence that undermines, the Commissioner's decision. *Id.* "Where evidence is susceptible to more than one rational interpretation, the [Commissioner's] decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The court, however, may not affirm the Commissioner's decision "simply by isolating a specific quantum of supporting evidence." *Id.* (internal quotations and citations omitted). Furthermore, the court's review is limited to the reasons the ALJ provided in the disability determination. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003); *see also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The court "may not affirm the ALJ on a ground upon which the he did not rely.").

### III.    ANALYSIS

Plaintiff moves "for summary judgment, reversal of the Commissioner's final decision, or remand of this [Social Security] case . . . ." (Pl.'s Mot. at 1.) He argues that reversal is warranted because the ALJ erred (1) in determining that Plaintiff's mental impairments were not severe by applying the wrong legal standard and reaching a finding that is not supported by substantial evidence, (2) by discounting Plaintiff's testimony, and the testimony his partner, Thomas Williams, regarding the severity of his symptoms, and (3) in finding, without substantial evidence, that Plaintiff was able to perform other work. (*Id.* at 7-8.)

In opposition, the Commissioner argues (1) that the ALJ properly determined that Plaintiff's alleged impairments were not severe, (2) that the ALJ correctly found Plaintiff's statements less than fully credible, (3) that the ALJ provided germane reasons for discounting the statements made by Thomas Williams, and (4) that the ALJ properly relied on the VE's testimony. (Def.'s Mot. Summ. J. at 3-17.)

Because the ALJ erred in reaching his adverse credibility determinations, and those determinations informed his non-severity finding at step two, and in turn, the hypothetical he posed to the VE at step five, the Court will first address the ALJ's credibility findings.

///

4

United States District Court
Northern District of California

1

2

**A.      Whether the ALJ erred in reaching his adverse credibility determinations**

3

    1. Plaintiff's testimony

In evaluating a claimant's testimony regarding the severity of his symptoms, an ALJ must

4

engage in a two-step inquiry. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citation

5

omitted). An ALJ must first "determine whether the claimant has presented objective medical

6

evidence of an underlying impairment which could reasonably be expected to produce the pain or

7

other symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations

8

and citations omitted). At this step, a claimant need not show that his impairment "could

9

reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show

10

that it could reasonably have caused some degree of the symptom." *Id.* (internal quotations and

11

citations omitted).

12

If a claimant meets this first prong and there is no evidence of malingering, the ALJ must

13

then provide "specific, clear, and convincing reasons" for rejecting a claimant's testimony about

14

the severity of his symptoms. *Id.* When an ALJ finds a claimant's testimony unreliable, the ALJ

15

"must specifically identify what testimony is credible and what testimony undermines the

16

claimant's complaints." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.

17

1999) (citations omitted). It is "not sufficient for the ALJ to make only general findings . . . ."

18

*Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (ALJ required to point to specific facts in the

19

record which undermine a claimant's complaints).

20

At the hearing, Plaintiff testified that he was laid off from his last job because he could not

21

remember tasks or perform his work quickly due to the trouble he had "getting up and down off

22

the floor" and climbing ladders. (AR at 614.) He testified that he has knee pain and that it's

23

painful for him to sit. (*Id.* at 617, 618.) Regarding his HIV, Plaintiff stated that his numbers are

24

good, but he experiences diarrhea. (*Id.* at 618.) As to his memory problems, Plaintiff testified that

25

he has trouble remembering where he is going or where he is supposed to be, that he forgets tasks,

26

and that forgets where he parks his car. (*Id.*)

27

The ALJ found that Plaintiff's medically determinable impairments could reasonably be

28

expected to cause the alleged symptoms. (AR at 20.) The ALJ, however, also found that

Plaintiff's statements regarding the intensity, persistence, and limiting effects of the alleged

symptoms were not entirely credible.  (*Id.* at 21.)  The ALJ stated the reasons for that finding as

follows:

> The claimant expressed to his treating provider that he was considering stopping
> use of his HIV medication so that his health would deteriorate to the point that he
> would be able to receive disability benefits, showing a clear intent to disregard
> prescribed and necessary treatment for secondary gain.  The claimant was also
> counseled numerous times regarding the link between his chronic marijuana and
> alcohol use and his alleged memory loss, yet the claimant refused to discontinue
> smoking marijuana and drinking.  The claimant stated at the hearing that his HIV
> status was stable, consistent with the longitudinal medical evidence of record
> indicating that the claimant has been asymptomatic throughout the relevant period.

(*Id.* at 20.)

Plaintiff argues that the ALJ did not provide specific, clear, and convincing reasons for

discounting Plaintiff's statements regarding the intensity, persistence, and limiting effects of his

symptoms.  (Pl.'s Mot. at 12-13.)  The Court agrees.

With respect to the statement Plaintiff made to his treating physician, the doctor's treatment

relationship with Plaintiff dates back to 2004, and the ALJ identified only one statement reflecting

a purported intent to disregard prescribed and necessary treatment for secondary gain.  (AR at 20.)

Moreover, the ALJ did not find that Plaintiff actually discontinued treatment or that Plaintiff was

malingering.[3]  Indeed, the ALJ found that Plaintiff's HIV status was stable.  (*Id.*)  This suggests

that Plaintiff adhered to his treatment regimen.  In fact, Plaintiff's compliance with his prescription

routine is documented in Dr. Wilson's treating notes, which indicate Plaintiff takes 95-100% of his

HIV medications.  (*See, e.g.*, AR at 231, 237, 246, 252.)

The ALJ's reliance on Plaintiff's alcohol and drug use is also problematic.  As Plaintiff

argues, his alcohol and drug use was not so significant that it was considered a "severe"

impairment at step two.  (Pl.'s Reply at 5.)  Additionally, the ALJ did not make any finding as to

the materiality of Plaintiff's alcohol and drug use.  *See, e.g.*, 42 U.S.C. § 423(d)(2)(C) ("An

individual shall not be considered to be disabled for the purposes of this subchapter if alcoholism

---

[3] Such a finding would have been contrary to Dr. Wilson's opinion.  AR at 500.  She indicated that
Plaintiff is not a malingerer.  *Id.*

United States District Court
Northern District of California

1    or drug addiction would (but for this subparagraph) be a contributing factor material to the

2    Commissioner's determination that the individual is disabled."); 20 C.F.R. § 416.935(b)(2)(ii) ("If

3    we determine that your remaining limitations are disabling, you are disabled independent of your

4    DAA and we will find that your DAA is not a contributing factor material to the determination of

5    disability.").  Absent any such findings, Plaintiff's alcohol or drug use is not a clear and

6    convincing reason for discrediting Plaintiff's testimony.  *See La Patro v. Barnhart*, 402 F. Supp.

7    2d 429, 433 (W.D.N.Y. 2005) ("The ALJ misunderstood how plaintiff's alcohol dependence

8    should be considered in determining whether she is disabled.  The ALJ incorrectly found that

9    plaintiff's alcohol dependence was a reason to find her testimony regarding her limitations not

10    credible.  This is error.").  For these reasons, the ALJ erred when evaluating Plaintiff's credibility.

                 2.    Mr. Williams' statements

11    Plaintiff's partner, Thomas Williams, submitted a third party function report dated

12    September 7, 2011.  (AR at 181-191.)  The ALJ "appreciate[d] his perspective," noted that Mr.

13    Williams' allegations mirrored Plaintiff's, but found that the statements were "generally not

14    credible" because "Mr. Williams is not a disinterested party."  (*Id.* at 17.)

15    In her opposition, the Commissioner argues that the Court should read this part of the

16    ALJ's decision as suggesting that because Plaintiff's statements were inconsistent with the medical

17    evidence, and Mr. Williams' statements were similar to Plaintiffs, then Mr. Williams' statements

18    were also inconsistent with the medical evidence.  (Def.'s Opp'n at 15.)  The ALJ, however,

19    discounted Plaintiff's statements for other reasons, namely, his drug and alcohol use, his stable

20    HIV status, and his purported intent to disregard prescribed and necessary treatment for secondary

21    gain.  (AR at 20.)  It is unclear, then, how this Court can properly assume that these reasons also

22    justify the ALJ's finding that Mr. Williams was not credible.

23    Nor is it clear, on this record, that the ALJ's failure to link these reasons directly to Mr.

24    Williams was harmless, as the Commissioner seems to suggest in her opposition.  (*See* Def.'s

25    Opp'n at 15.)  In the disregarded third party function report he provided, Mr. Williams stated:  "I

26    don't think he realizes how bad his memory has gotten.  He forgets my name sometimes & we've

27    been together 10 years."  (*Id.* at 191.)  Had the ALJ found Mr. Williams credible, his statements

28    would have impacted the non-severity finding at step two.  *See Nguyen v. Chater*, 100 F.3d 1462,

1467 (9th Cir. 1996) ("Lay testimony as to a claimant's symptoms is competent evidence which the Secretary must take into account . . . unless he expressly determines to disregard such testimony, in which case 'he must give reasons that are germane to each witness.'").

This Court has appropriately limited its review of the ALJ's adverse credibility determination to the express reason given by the ALJ himself, i.e., that Mr. Williams is not a disinterested party. *See Orn*, 495 F.3d at 630 (The court "may not affirm the ALJ on a ground upon which the he did not rely."). This is not, in and by itself, a proper reason to discount Mr. Williams' statements. *See Smolen*, 80 F.3d at 1289 (ALJ erred in rejecting the testimony of the claimant's family members, who, according to the ALJ, were "understandably advocates, and biased."). *Cf. Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ did not err in rejecting statements of claimant's former girlfriend where he considered her close relationship with the claimant, she was possibly influenced by a desire to help him, and her statements were inconsistent with the claimant's presentation to treating physicians during the period at issue and the claimant's failure to participate in cardiac rehabilitation). The ALJ, therefore, erred in discounting Mr. Williams' statements.

### B.    Whether the ALJ erred at steps two and five

To the extent the ALJ's step two analysis, and consequently, his hypotheticals to the VE, were informed by his unsupported adverse credibility determinations, the ALJ must also revisit those aspects of his decision on remand.

At step two, the ALJ determines whether a claimant's impairment or combination of impairments is "severe." *Reddick*, 157 F.3d at 721. In this case, the ALJ found that Plaintiff's mental impairments were not severe. (AR at 13.) The ALJ's finding at step two was based, in part, on Plaintiff's testimony. (*See id.* ("The evidence of record, including the testimony of the claimant, supports a finding that the above medical impairments [HIV and bilateral knee pain] significantly limit his ability to perform basic work activities. The undersigned therefore finds that they are severe.").) To the extent the ALJ erroneously rejected certain parts of Plaintiff's testimony and that finding impacted the ALJ's non-severity finding with respect to Plaintiff's

///

///

United States District Court
Northern District of California

alleged mental impairments, the ALJ also erred at step two.[4]

Similarly, to the extent the ALJ erred in finding Plaintiff's mental impairments non-severe, the ALJ's hypotheticals to the VE were similarly flawed.  At step five, the burden shifts to the Commissioner, who must show that Plaintiff is not disabled and can engage in work that exists in significant numbers in the national economy.  *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).  The ALJ may meet this burden met by "asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record and reflecting all of the claimant's limitations, both physical and mental, supported by the record." *Id.*  If, however, the ALJ's question to a VE fails to include all of the impairments from which the claimant suffers, then the expert's testimony cannot constitute substantial evidence upon which to base a conclusion that the claimant is not entitled to benefits.  *Id.* at 1162.

Here, the ALJ erroneously rejected certain testimony, and as a result, he declined to include certain limitations in the hypotheticals he posed to the VE.  In his first hypothetical, the ALJ asked the VE to consider an individual with "an RFC of light," and the same age, education, and work experience as Plaintiff.  (AR at 625.)  The VE testified that such an individual would not be able to perform Plaintiff's past relevant work but would be able to perform other jobs.  (*Id.*)

In his second hypothetical, the ALJ asked the VE to consider an individual who had the same age, education, and work experience as Plaintiff and who was able to (1) lift and carry 50 lbs. occasionally and 25 lbs. frequently, (2) stand and walk for two hours but only for 45 minutes at a time, (3) sit for six hours but only up to two hours at a time, and (4) occasionally stoop, crouch, climb ladders, ropes, and scaffolds.  (*Id.* at 626.)  This individual would also miss one day of work per month due to medical reasons.  (*Id.*)  In response to this hypothetical, the VE testified that such an individual could not perform Plaintiff's past relevant work.  (*Id.* at 626-628.)  The ALJ then asked the VE to consider whether an individual with the same limitations could perform

---

[4] Because the ALJ must revisit his analysis at step two in light of his unsupported credibility determinations, the Court need not address Plaintiff's arguments that the ALJ applied the wrong legal standard or that the ALJ's finding of non-severity was not supported by substantial evidence. On remand, however, the ALJ shall ensure that he adheres to the applicable standards when reexamining his step two analysis.

United States District Court
Northern District of California

1    sedentary work.  (*Id.* at 628.)  The VE responded that such an individual could work as a

2    surveillance systems monitor, an assembler, or a semi-conductor assembler.  (*Id.* at 628-629.)

3    Finally, the ALJ asked the VE to consider scenarios in which the hypothetical individual (1) could

4    not consistently work a full-time schedule, (2) would miss two or three days of work per month

5    due to illness or other reasons, (3) would have to leave work suddenly (and without notifying a

6    supervisor) in the middle of the day because of pain or other symptoms on a consistent basis, and

7    (4) would be off task 25% of the time.  (*Id.* at 630-631.)  The VE testified that such an individual

8    would be unemployable.  The ALJ, however, did not incorporate any of these limitations in

9    reaching his non-disability finding.  (*Id.* at 16.)

10          The ALJ crafted hypotheticals that did not include limitations stemming from Plaintiff's

11   mental impairments.  (*See id.* at 622-631.)  To the extent that the ALJ did so based on his

12   unsupported rejection of Plaintiff's testimony and the statements of his partner, the VE's responses

13   to the ALJ's hypotheticals cannot support the ALJ's non-disability finding.  *See Hill*, 698 F.3d at

14   1161; *see also Stillwater v. Comm'r of Soc. Sec. Admin.*, 361 Fed. App'x 809, 813 (9th Cir. 2010)

15   (remanding for further proceedings where ALJ's hypothetical was based on his improper rejection

16   of three doctors' opinions, plaintiff's testimony, and lay witness statements).  Accordingly, the

17   Court finds that the ALJ also erred at step five of the disability determination.

18                                  **IV.    CONCLUSION**

19          For the reasons set forth above, Plaintiff's motion for summary judgment is GRANTED,

20   Defendant's cross-motion for summary judgment is DENIED, and this case is REMANDED for

21   further proceedings consistent with this order.

22          **IT IS SO ORDERED.**

23   Dated: 02/18/16

24

25   KANDIS A. WESTMORE
     United States Magistrate Judge

26

27

28

10